UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MALCOLM NIGEL SCOTT; and )
DEMARCHOE CARPENTER; )
 )
    Plaintiffs, )
v. ) Case No. 17-CV-400-TCK-FHM
 )
CITY OF TULSA, OKLAHOMA; )
MIKE HUFF; )
GARY MEEK; and )
RONALD PALMER, )
 )
    Defendants. )
 )

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Leave to file a Third Amended Complaint ("Motion to Amend"). (Doc. 36.) For reasons discussed below, Plaintiffs' Motion to Amend is **GRANTED**.

### I.  Factual Background

This case arises out of the events of September 10, 1994. At around 2:40 a.m., shots were fired into the crowd of a party, striking and killing Karen Summers, and injuring Kenneth Price and Alonzo Johnson. On November 22, 1995, Plaintiffs Malcolm Scott and Demarchoe Carpenter ("Plaintiffs") were each convicted of one count of first-degree murder, two counts of shooting with intent to kill, and one count of using a vehicle to discharge a weapon in connection with those events. (Doc. 5.; District Court of Tulsa County Case No. CF-1994-4356.) Over two decades later, on May 13, 2016, a Tulsa County District Court granted Plaintiffs' Applications for Post-Conviction Relief on the basis of actual innocence. The Oklahoma Court of Criminal Appeals affirmed that order on November 10, 2016. *Id.*

Plaintiff Malcolm Scott filed the instant case against Defendants City of Tulsa, Mike Huff, and Gary Meeks on July 10, 2017. (Doc. 2). Plaintiff Demarchoe Carpenter was added on the same day in the Amended Complaint (Doc. 4) and Defendant Ronald Palmer was added on July 31, 2015 in the Second Amended Complaint ("SAC"). (Doc. 5). Plaintiffs now seek leave to file a Third Amended Complaint ("TAC"), to incorporate facts and defendants that they learned of during discovery and to omit certain state law claims. The proposed amendments include factual allegations against Officer Randall W. Solomon and Sergeant Jim Clark, and amend Plaintiffs' federal malicious prosecution claim and Plaintiffs' two Fourteenth Amendment claims that allege violations of *Brady v. Maryland* and substantive due process to reflect these factual allegations. The amended claims include the allegations that Defendant Solomon withheld and concealed evidence from Plaintiffs, and that Defendants Solomon and Clark accused Plaintiffs of criminal activity knowing those accusations were without genuine probable cause. Defendant City of Tulsa objects to this motion, contending that Plaintiff's proposed amendment would be futile, both because the alleged facts would not change the outcome of Plaintiffs' claims and because Defendants Solomon and Clark will be entitled to qualified immunity. (Doc. 37.) No other Defendant has objected to Plaintiff's Motion to Amend.

## II. Standard for Leave to Amend

Courts should "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). The Court has wide discretion in deciding whether to grant leave to amend. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). "Refusing leave to amend is generally only 'justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). A proposed

amendment is futile if the pleading, as amended, would be subject to dismissal for any reason. *See Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001) (internal citations omitted). Frequently, when a court denies a motion to amend based solely on futility, that court has previously ruled on a dispositive motion, either in a separate order or in conjunction with the motion to amend. *See, e.g.*, *Moya v. Garcia*, 895 F.3d 1229, 1239 (10th Cir. 2018) (denying a motion to amend because plaintiffs did not describe how the amended complaint could cure the reasons for dismissal); *Bradshaw v. Lappin*, 484 F. App'x 217, 221 (10th Cir. 2012) (unpublished) (motion to amend denied where it reasserted claims that had been dismissed and so was futile); *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.*, 175 F.3d 848, 860-61 (10th Cir. 1999) (granting motion to dismiss and denying motion to amend because both the original and amended complaint were based on an article protected by the First Amendment); *Bauchman v. West High Sch.*, 132 F.3d 542, 559 (10th Cir. 1997) (motion to amend denied where claims with no material differences had already been dismissed); *Mountain View Pharmacy v. Abbott Laboratories*, 630 F.2d 1383, 1389, n.5 (10th Cir. 1980) (granting a motion to dismiss and denying in part a motion to amend where "both complaints were equally devoid of any factual allegations which would support the claims of these plaintiffs against these particular defendants.").

### III. Analysis

In this case, the Court has yet to rule on any dispositive motion. Accordingly, the Court has not yet determined whether the SAC is subject to dismissal, and so cannot determine whether the proposed TAC is subject to dismissal exclusively based on the substance of the proposed TAC and the limited briefing regarding the Motion to Amend. At the least, the proposed TAC is not so obviously deficient that the Court can find that it would be subject to dismissal without the aid of the Parties' briefing on this subject.

Further, the Court declines to consider Defendants' motions to dismiss in conjunction with Plaintiffs' motion to amend, due to the factually and legally complex nature of Plaintiffs' allegations. For example, Plaintiffs' proposed TAC alleges that on the day before the shooting, they were driving and riding in a "1982 Oldsmobile Grand Prix, with a caramel brown paint job, peanut butter vinyl top and tinted windows" and that Defendant Clark, after hearing reports that deadly shots were fired from a red or maroon Ford Escort in the early morning hours of September 10, "falsely stated that when he encountered [Defendants] Scott and Carpenter on September 9, they were in a red Ford Escort" instead of the brown Oldsmobile Grand Prix. Defendant Clark's statement regarding the car Plaintiffs used was repeated in the Prosecution Report. (Doc. 36-1, ¶ 22-26.) Defendant City of Tulsa argues that these proposed amendments are futile as to Defendant Clark because "Plaintiffs cannot show that this statement was in any way the basis for their prosecution or their convictions." (Doc. 37, pg. 3.) However, without the benefit of complete briefing as to the standard for federal malicious prosecution claims and whether Plaintiffs' factual allegations, including those regarding the car they were using, can meet this standard, this Court has no basis for determining whether these facts state a claim for federal malicious prosecution as to Defendant Clark.

Similarly, Plaintiffs allege that Defendant Solomon spoke with one of the injured individuals, Kenneth Price, hours after the shooting. Plaintiffs allege in the proposed TAC that Mr. Price said that he could not see who was in the car, but that Defendant Solomon drafted a police report that suggested that Mr. Price saw Plaintiffs in a red Ford Escort at the scene, a statement that was also later repeated in a Prosecution Report. (Doc. 36-1, ¶ 33-34.) Defendant argues that the proposed amendments are futile as to Defendant Solomon, as Mr. Price also testified at Plaintiffs' trial that he saw Plaintiffs in the car, firing shots into the crowd. (Doc. 37,

4

pg. 4.) Plaintiffs, by contrast, allege that Mr. Price's testimony at trial was coerced. (Doc. 36-1, ¶ 37-38, 74.) As with Defendant Clark, without the benefit of complete briefing as to the relevant legal standards and whether Plaintiffs' factual allegations, including the new allegations regarding the misleading police report and potentially coerced testimony, can meet these standards, this Court has no basis to determine whether these alleged facts state claims for malicious prosecution, violations of *Brady v. Maryland*, and violations of substantive due process as to Defendant Solomon.

Finally, Defendant City of Tulsa alleges that both Defendant Clark and Defendant Solomon are entitled to qualified immunity, though its argument consists of little more than a recitation of the policy that underpins qualified immunity. Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See City of Escondido v. Emmons*, 202 L. Ed. 2d 455, 459 (2019) (internal citations omitted). However, this Court is also unable to determine whether Defendants Clark and Solomon violated clearly established constitutional or statutory rights without the benefit of briefing on the rights at issue and how Defendants Clark's and Solomon's conduct allegedly violated them. Because the Court cannot determine whether Defendants Clark and Solomon are entitled to qualified immunity, nor whether Plaintiff has sufficiently alleged claims for malicious prosecution, violations of *Brady v. Maryland*, and violations of substantive due process, the Court finds it improvident to consider the pending motions to dismiss in conjunction with Plaintiffs' Motion to Amend.

Because the Court has not ruled on any dispositive motions, and because the Court declines to consider the pending dispositive motions in conjunction with Plaintiffs' Motion to Amend, the

5

Court finds that Plaintiffs' proposed amendments are not futile. Accordingly, Plaintiffs are granted leave to file their Third Amended Complaint.

## IV. Conclusion

For the reasons set forth above, the Court finds that Plaintiffs' Motion to Amend is **GRANTED**. Plaintiffs may file their TAC within five (5) days of this order being entered.

Plaintiffs' Motion to Amend (Doc. 36) is **GRANTED**.

Defendant City of Tulsa's Motion to Dismiss (Doc. 11) is **DENIED AS MOOT**.

Defendant Mike Huff's Motion to Dismiss (Doc. 12) is **DENIED AS MOOT**.

Defendant Ronald Palmer's Motion to Dismiss (Doc. 13) is **DENIED AS MOOT**.

Defendant Gary Meek's Motion to Dismiss (Doc. 14) is **DENIED AS MOOT**.

**DATED THIS 5th day of February, 2019.**

**TERENCE C. KERN**
**United States District Judge**