# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. MALCOLM NIGEL SCOTT, and<br>2. DEMARCHOE CARPENTER,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>1. CITY OF TULSA, OKLAHOMA,<br>2. MIKE HUFF,<br>3. GARY MEEK,<br>4. RONALD PALMER,<br>5. RANDALL W. SOLOMON, and<br>6. JIM CLARK,<br><br>　　　　　　　　Defendants. | Case No.: 17-CV-400-TCK-FHM<br><br><br><br><br><br><br><br><br><br><br>*The Honorable Terence C. Kern* |

## PLAINTIFFS' UNOPPOSED MOTION TO STAY PROCEEDINGS AND BRIEF IN SUPPORT

Plaintiffs, Malcolm Nigel Scott ("Mr. Scott") and Demarchoe Carpenter ("Mr. Carpenter") (collectively, "Plaintiffs"), move the Court for an Order staying this action until the earlier of (i) April 1, 2020, or (ii) the resolution of *State of Oklahoma v. Demarco Montez Carpenter*, Case No. CF-2019-3829, District Court of Tulsa County, State of Oklahoma (the "Criminal Action"). Plaintiffs have conferred with counsel for Defendants, and they do not oppose this Motion. In support of this Motion, Plaintiffs show the Court as follows.

## Introduction

This case arises out of the wrongful conviction of Mr. Scott and Mr. Carpenter. On September 10, 1994, Karen Summers was murdered by Michael Wilson at a party in Tulsa, Oklahoma. A short time thereafter, Mr. Scott and Mr. Carpenter were arrested and charged for the murder by the Tulsa Police Department ("TPD").

Plaintiffs were each convicted of one count of first-degree murder, two counts of shooting with intent to kill, and one count of using a vehicle to discharge a weapon. Over two decades later, on May 13, 2016, the Tulsa County District Court granted Plaintiffs' Applications for Post-Conviction Relief on the basis of actual innocence. The Oklahoma Court of Criminal Appeals affirmed that order, finding that Plaintiffs were factually innocent of the crime for which they were convicted and that such convictions were based on weak evidence and coerced witness testimony. Plaintiffs were subsequently released from prison after spending most of their adult lives behind bars.

On February 8, 2019, Plaintiffs filed their Third Amended Complaint in this action alleging constitutional and state law violations by Defendants Mike Huff ("Mr. Huff"), Gary Meek ("Mr. Meek"), Randall Solomon ("Mr. Solomon"), and Jim Clark ("Mr. Clark") (collectively, the "Officer Defendants"); the City of Tulsa, Oklahoma (the "City"); and Defendant Ronald Palmer ("Mr. Palmer") (all referred to collectively herein as "Defendants"). Various motions to dismiss

filed by the Defendants are currently pending before this Court, and the parties are currently engaged in discovery.

On or around August 14, 2019, Mr. Carpenter was arrested by TPD in the Criminal Action based on new charges of shooting with intent to kill and possession of a firearm. Similar to the circumstances in 1994, there is no physical evidence linking Mr. Carpenter to this new crime, and the charges are based on a single eyewitness who originally stated he did not know who shot him. The trial for the Criminal Action is currently set to begin on March 9, 2020. While the Criminal Action is unrelated to this proceeding at this time, the parties agree that a stay of this action pending resolution of the Criminal Action is necessary.

## ARGUMENT AND AUTHORITY

### I. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A court has broad discretion in decisions regarding issuing stays for all or part of a proceeding. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). And while the Federal Rules of Civil Procedure do not explicitly provide for a stay of proceedings, Rule 26(c) permits a court to "make any order which

justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." FED.R.CIV.P. 26(c).

## II. A stay of these proceedings will not cause hardship to any party, but Plaintiffs will be unduly burdened in the absence of a stay.

As a preliminary matter, counsel for Defendants has authorized Plaintiffs to advise the Court that Defendants do not object to the relief requested in this Motion. Thus, Defendants do not believe that they would suffer any hardship should the Court grant the stay requested herein. *See Duran v. City & Cnty. of Denver*, Case No. 10-cv-01569, 2011 WL 1768849, at *2 (D. Colo. May 9, 2011) (unpublished). Further, this Motion is not made to unduly burden the Court and is presented in good faith as the stay would halt all further proceedings for only a maximum of six months.

The Criminal Action poses a significant scheduling conflict for Plaintiffs and their ability to sufficiently engage in the ongoing, voluminous discovery in this action. Mr. Carpenter's counsel in this action, namely the Norwood Law Office and the Coyle Law Firm, have been engaged to represent Mr. Carpenter in the Criminal Action. Continuation of this case would greatly divert the energies and resources of Mr. Carpenter's counsel from the Criminal Action. For example, discovery in this action is ongoing, and the parties had intended to move forward with depositions of all parties, as well as several key witnesses. Witness and exhibit lists and expert designations are scheduled to

be exchanged before the end of the year, and dispositive motions are due on January 31, 2020. Thus, the primary period for investigation and collection of evidence in this proceeding would impede the paralleled efforts of Mr. Carpenter's counsel in the Criminal Action.

Moreover, resolution of the Criminal Action could have a significant effect on how this proceeding moves forward. Specifically, potential conflicts may arise due to the Criminal Action, which would necessitate a bifurcation of Mr. Carpenter's case from Mr. Scott's. It is possible that Plaintiffs' interests could become unaligned as a result of the recent criminal filing, and counsel would be required to act to ensure that the claims of both Mr. Scott and Mr. Carpenter herein are prosecuted vigorously.

Finally, a stay of this proceeding will provide the Court with additional time to review and potentially rule on the various motions to dismiss currently pending, before the parties complete additional, substantial discovery. For all the reasons stated above, a stay in this action pending the outcome of the Criminal Action is warranted, and Plaintiffs' Motion should be granted.

**Relief Requested**

For the reasons set forth herein, Plaintiffs respectfully request that the Court enter an Order granting this Motion and staying this proceeding until the earlier of (i) April 1, 2020, or (ii) the resolution of the Criminal Action.

Dated: October 8, 2019

                        Respectfully submitted,

                        /s/ Emily S. Eleftherakis
John W. Coyle, III
W. Brett Behenna
COYLE LAW FIRM
125 Park Avenue, First Floor
Oklahoma City, OK 73102
Telephone: (405) 232-1988
Facsimile: (405) 272-9859
jc@coylelaw.com
bb@coylelaw.com

Michael L. Brooks
THE BROOKS LAW FIRM
7100 N. Classen Blvd., Ste. 300
Oklahoma City, OK 73116
Telephone: (405) 840-1066
Facsimile: (405) 843-8446
michael.brooks@brookslawok.com

Emily S. Eleftherakis
EMILY S. ELEFTHERAKIS, PLLC
7100 N. Classen Blvd., Ste. 303
Oklahoma City, OK 73116
Telephone: (405) 254-5097
Facsimile: (405) 212-4459
emily@eleflaw.com

-and-

Joseph M. Norwood
NORWOOD LAW OFFICE
1717 Cheyenne Ave.
Tulsa, OK 74119
Telephone: (918) 582-6464
Facsimile: (918) 582-7830

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 8, 2019, I filed the attached document with the Clerk of Court for the Northern District of Oklahoma. A copy of this Motion was provided via electronic filing to Defendants' counsel on the same day it was filed.

                                                  /s/ Emily S. Eleftherakis
                                                  Emily S. Eleftherakis