IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MALCOLM NIGEL SCOTT, and DEMARCHOE CARPENTER,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**CITY OF TULSA, OKLAHOMA,** *et al.*,<br><br>**Defendants.** | Case No. 17-CV-400-GAG-CDL |

### ORDER DENYING SMOLEN & ROYTMAN'S MOTION TO COMPEL ARBITRATION

Smolen & Roytman (S & R) seeks an order from this court compelling plaintiffs to arbitrate the former's entitlement to contingency fees, following the recent settlement of this case. S & R posits that their dispute with plaintiffs is subject to the Federal Arbitration Act. 9 U.S.C. § 4. For the following reasons the court denies S & R's motion to compel arbitration. (Dkt. No. 365).

The following facts are not in dispute. Plaintiffs entered into a contract with S & R (Dkt. Nos. 365-1, 365-2) in May of 2016. S & R performed various legal services in this case, including filing the complaint, engaging in discovery, and successfully responding to motions to dismiss. Subsequently, plaintiffs terminated S & R's representation and retained Coyle Law Firm (CLF) which also performed work in this case. Then, plaintiffs terminated CLF's representation and retained Loevy & Loevy (L & L), their present counsel. L & L has represented plaintiffs for the past four years and engaged in substantial work including, but not limited to, successfully responding to defendants' summary judgment motions and participating in settlement discussions. These settlement discussions ultimately led to resolution of the case prior to trial which was originally scheduled for next month with the undersigned judge presiding.

S & R's contracts with plaintiffs (Dkt. Nos. 365-1, 365-2) contain identical arbitration clauses providing that "all disputes . . . arising out of or in connection with this agreement, shall be resolved and determined by final and binding arbitration." S & R hence contends that their entitlement to a portion of the attorneys' fees in this case is subject to arbitration. Plaintiffs oppose (Dkt. No. 372) as does CLF (Dkt. No. 369).

The court agrees with plaintiffs and CLF that arbitration does not proceed for two simple reasons. The current dispute does not only involve S & R and plaintiffs, but also implicates the interests of L & L and CLF, both not signatories to the contract and thus, not bound by the arbitration clause. Non-signatories to an arbitration agreement cannot be forced to engage in such alternative dispute process. Jacks v CMH Homes, 856 F.3d 1301, 1305 (10th Cir. 2017) ("[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.") (citation modified); Genberg v. Porter, 566 F. App'x 719, 722 (10th Cir. 2014) ("[W]hen the requirement to arbitrate is created by an agreement, it can be invoked only by a signatory of the agreement, and only against another signatory.") (citation modified).[1] As such, any arbitration between plaintiffs and CLF implicates both L & L and CLF's interests in compensation.[2]

Moreover, plaintiffs terminated their agreements with S & R. Under Oklahoma law, when a lawyer is terminated before completing the work, he or she is only entitled to the reasonable value of services actually rendered, and not the total fee originally agreed upon. Wright v. Arnold, 977 P.2d 616, 619 (Okla. Civ. App. 1994) (stating that an attorney "is entitled to only

---

[1] We note that this court on several occasions has reinforced this principle. See Patterson v. Don Thornton Cadillac Inc., No. 25-CV-0301-CVE-JFJ, 2025 U.S. Dist. LEXIS 220944, at *1, *4 (N.D. Okla. Nov. 10, 2025); Taylor v. Aaon, Inc., No. 23-CV-0353-CVE-JFJ, 2023 U.S. Dist. LEXIS 185898, at *1, *5 (N.D. Okla. Oct. 17, 2023); Marine Dev., Inc. v. Huffman Constr. LLC, No. 19-CV-0681-CVE-FHM, 2020 U.S. Dist. LEXIS 78305, at *1, *5 (N.D. Okla. May 1, 2020).

[2] For present purposes, the court assumes that S & R, as well as CLF are, as they claim, entitled to compensation for their past work, in the form of a portion of the contingency fee upon settlement. Their motions are found at Dkt. Nos. 366 and 364, respectively, with S & R's specific caveat that their request is only applicable if this denial of arbitration is appealed to and later affirmed by the Tenth Circuit.

such fees as the attorney can show are reasonable for the services actually performed."); see City of Barnsdall v. Curnutt, 174 P.2d 596, 600 (Okla. 1945) (same).[3]

Accordingly, S & R's motion to compel arbitration (Dkt. No. 365) is hereby **Denied**.

                                                     */s/ Gustavo A. Gelpí*
                                                     Gustavo A. Gelpí, Circuit Judge[*]

---

[3] We also note that this court has supported the idea that "[a] discharged attorney is entitled to only such fees as the attorney can show are reasonable for the services *actually* performed." McQueen, Rains & Tresch, LLP v. CITGO Petroleum Corp. No. 07-CV-0314-CVE-PJC, 2008 U.S. Dist. LEXIS 4952, at *1, *21 (N.D. Okla. Jan. 22, 2008) (citation modified).

[*] Of the Court of Appeals for the First Circuit, sitting by designation.